OPINION
Defendant-appellant Clifford H. Eagleson appeals the February 4, 2000 Docket and Journal Entry of the Cambridge Municipal Court, denying his motion to dismiss on speedy trial grounds, and his motion which challenged the trial court's jurisdiction. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 24, 1999, Trooper Mark Masters of the Ohio State Highway Patrol observed a vehicle traveling at a speed in excess of the posted limit of 65 mph. Trooper Masters clocked the vehicle's speed at 82 mph. Thereafter, the trooper initiated a stop. Appellant was identified as the driver. Ultimately, Trooper Masters cited appellant for speeding, in violation of R.C. 4511.21. The citation ordered appellant to appear in Cambridge Municipal Court on January 5, 2000. Prior to his initial appearance in court, appellant filed a Certified Demand to be Informed of the Nature and Cause of the Accusation, and Affidavit by Clifford H. Eagleson of Undisputed Material and Jurisdiction Facts in the Instant Case. At arraignment, appellant entered a plea of not guilty and was released on a recognizance bond. The trial court scheduled the matter for trial on January 13, 2000. The State, interpreting the January 3, 2000 documents as demands for discovery, filed a Response to Discovery and Notice of Intent to Use Evidence on January 7, 2000. That same day, appellant filed numerous additional motions including: Memorandum of Law in the Matter of What is the Bureau of Motor Vehicles and Who is Subject to its Jurisdiction; Memorandum of Law in Support of Sworn Demand/Motion to Dismiss for Want of Subject-Matter Jurisdiction; Actual and Constructive Notice of Accused's Challenge of Subject-Matter Jurisdiction Mandatory Duty of State Political Trustees to Answer; Memorandum of Law on the Right to Travel; and Sworn Demand to Dismiss for Want of Subject-Matter Jurisdiction. Appellant filed a demand for a trial by jury. The trial court denied the request, finding because the citation alleged a minor misdemeanor for which there was no possibility of jail time, appellant had no right to a jury trial. On January 13, 2000, the parties appeared before the trial court for trial. After a lengthy discussion with appellant relative to his January 7, 2000 motions, the trial court orally denied the motions and continued the case in order to comply with appellant's request for a written ruling. On January 31, 2000 appellant filed a Motion to Dismiss for Failure to Prosecute within Statute of Limitations, and Administrative Notice. The matter came on for trial on February 4, 2000. At that time, the trial court heard arguments on the January 31, 2000 motions, after which the trial court denied the two motions. Following trial, the trial court found appellant guilty, and fined him $5.00 plus imposed court costs. The trial court memorialized its rulings via Docket and Journal Entry-Sentence Imposed filed February 4, 2000. The trial court also filed a Docket and Journal Entry memorializing its rulings on appellant's January 31, 2000 motions. Appellant filed a pro se appeal and this matter is now before this Court for consideration. Appellant assigns the following as error:
I THE TRIAL COURT LACKED JURISDICTION IN ALL CASES.
II APPELLEES COMMITTED FRAUD.
III THE STATUTE OF LIMITATIONS HAD EXPIRED.
 I, II, III
Appellant's first, second, and third assignments of error are overruled on the authority of State v. Holsinger (Jul. 17, 2000), Fairfield App. No. 00CA06, unreported. The judgment of the Cambridge Municipal Court is affirmed.